UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KENNETH RAY WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-09-271 |
| | § | |
| NATHANIEL QUARTERMAN, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR A STAY

Plaintiff moves for a stay of the proceedings for ninety days so that he can complete the exhaustion process (D.E. 41). Under the PLRA, exhaustion is an affirmative defense -- the court does not have authority to *sua sponte* dismiss a complaint where the plaintiff has not exhausted. *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007). But if failure to exhaust is raised by the defendants, dismissal without prejudice is now mandatory rather than discretionary. 42 U.S.C. § 1997e(a). *See also, discussion, Porter v. Nussle,* 122 S.Ct. 983, 988 (2002) *Woodford v. Ngo*, 126 S.Ct. 2378, 2382 (2006). The stay provisions available under the predecessor statute were removed. *Id.* Plaintiff's motion for a stay (D.E. 41) is denied.

Plaintiff can choose to voluntarily dismiss his action without prejudice in order to pursue exhaustion. After exhausting plaintiff can re-file his action. If plaintiff chooses to do so and files a motion to voluntarily dismiss within twenty days of the date of this order, all filing fees collected to date will be returned and the collection order will be vacated. If plaintiff chooses instead to wait to see if defendants will file a motion to

dismiss based on exhaustion, the action will be dismissed without prejudice.  Plaintiff may still re-file his action after exhaustion, but the filing fees will not be returned to him.

ORDERED this 20th day of November, 2009.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE