UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KENNETH RAY WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-09-271 |
| | § | |
| RICK THALER, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER DISMISSING DEFENDANT QUARTERMAN AND DENYING MOTION TO DISREGARD MOTION TO VOLUNTARILY DISMISS DEFENDANT QUARTERMAN

Plaintiff has filed a motion to disregard plaintiff's motion to voluntarily dismiss defendant Quarterman (D.E. 56). Defendant Quarterman was sued in his individual capacity. Plaintiff has failed to demonstrate that defendant Quarterman had any personal involvement in plaintiff's case.

It is well settled that a plaintiff cannot obtain damages or injunctive relief from a policy-maker or supervisor solely on a theory of *respondeat superior*. Beattie v. Madison County School Dist., 254 F.3d 595, 600 n.2 (5th Cir. 1983) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)). "[S]upervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Thompson v. Upshur County, 245 F.3d 447, 459 (5th Cir. 2001) (quoting Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). "[Section] 1983 does not give a cause of action based on the conduct of subordinates. Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 104 S.

Ct. 248 (1983) (citations omitted). A supervisor who is not personally involved is liable under the theory of "supervisory liability" only if he has implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Thompkins v. Belt, 828 F.2d at 304. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992). Plaintiff's claim that defendant Quarterman violated his rights by adopting a policy whereby safekeeping inmates were housed with general population inmates does not conclusively demonstrate that defendant Quarterman was deliberately indifferent to a risk of harm to plaintiff.

Plaintiff also claims that defendant Quarterman was advised of plaintiff's situation and did nothing to protect him. Given the size of the operation defendant Quarterman oversaw, he could not be expected to intervene personally in response to every letter from an inmate or family member. Johnson v. Johnson, 385 F.3d 503, 526 (5th Cir. 2004).

Plaintiff has not demonstrated any legal or factual basis for retaining defendant Quarterman. Defendant Quarterman is dismissed, and plaintiff's motion to withdraw his previous motion to voluntarily dismiss defendant Quarterman (D.E. 56) is denied.

ORDERED this 12th day of January, 2010.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE