UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KENNETH RAY WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-09-271 |
| | § | |
| RICK THALER, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO INTERVENE, TO ADD ADDITIONAL PLAINTIFF, AND TO ASSIGN PSEUDONYM NAME TO TESTIFYING WITNESSES

Pending are three motions: (1) Inmate Darryl Harris's motion to intervene (D.E. 140); (2) plaintiff's motion to permit inmates to testify under a pseudonym (D.E. 141); and (3) plaintiff's motion to add his mother as a party (D.E. 142). The motions are denied.

Inmate Darryl Scott Harris moves to intervene as a party (D.E. 140). Inmate Harris is a protective custody inmate at the Telford Unit. According to a letter provided by Inmate Harris, he is a witness to events relevant to plaintiff's request for a preliminary injunction (D.E. 137). Intervention is governed by FED. R. CIV. P. 24. Inmate Harris cites no grounds for mandatory intervention pursuant to Rule 24(a)—thus his request is governed by Rule 24(b), which allows discretionary intervention where the proposed intervenor has a claim or defense that shares with the main action a common question of law or fact. *Newby v. Enron Corp.*, 443 F.3d 416, 423 (5th Cir. 2006); *U.S. v. Covington Co. School Dist.*, 499 F.3d 464 (5th Cir. 2007). Inmate Harris failed to meet this test. He

is merely a witness to a collateral issue in this lawsuit—whether plaintiff Williams should be granted a preliminary injunction. Williams' lawsuit relates to events which occurred at the McConnell Unit in the Corpus Christi Division of the Southern District of Texas. Harris has not stated that he is in danger, and even if he did, he would need to exhaust his administrative remedies, file suit in the Texarkana Division of the Eastern District of Texas, where the Telford Unit (Bowie County) is located and seek injunctive relief in that lawsuit. 28 U.S.C. § 124(c)(5). This court does not have personal jurisdiction over the Telford Unit defendants, who live and work in Bowie County. Undersigned is not inclined, at this point in the lawsuit, to permit additional plaintiffs merely because there are some factual issues common to Williams' lawsuit. Harris will not be prejudiced if not allowed to intervene. His rights can be completely protected by seeking relief in his own lawsuit. Because inmate Harris is not a party, he is also not entitled to copies of all orders entered in this case. Harris's motion (D.E. 140) is denied.

Plaintiff's motion to permit witnesses to testify under a pseudonym (D.E. 141) is denied. Plaintiff suggests, without proof, that retaliation *may* be a problem if his witnesses testify under their true names. Retaliation is prohibited by federal law. If plaintiff's witnesses experience retaliation, they can file grievances, exhaust their remedies, and file a retaliation lawsuit in the Texarkana Division of the Eastern District of Texas.

Plaintiff's motion to add his mother as a party because he might be killed as a result of this lawsuit (D.E. 142) is denied. Plaintiff cited to no legal ground which would

allow his mother to be joined as a party in this case. The federal rules provide for a procedure to be followed in case of the death of a party. FED. R. CIV. P. 25(a).

ORDERED this 26th day of March, 2010.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE