**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **KENNETH RAY WILLIAMS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. NO. C-09-271** |
| | § | |
| **NATHANIEL QUARTERMAN, ET AL.,** | § | |
| **Defendants.** | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTIONS FOR A PRELIMINARY INJUNCTION**

Pending are plaintiff's applications for a preliminary injunction (D.E. 48, 51, 83, 117). It is respectfully recommended that plaintiff's motions be denied as moot.

**I.      Jurisdiction.**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

**II.     Background facts and plaintiff's allegations.**

Plaintiff is an inmate who, at the time he filed his complaint, was assigned to the McConnell Unit of TDCJ-CID. Plaintiff has a long history of assisting TDCJ officials by providing information about illegal activities by inmates and guards. Because of plaintiff's assistance, TDCJ officials have promised to keep plaintiff safe from his enemies. Plaintiff believed he was in a safe environment when housed at the Stiles Unit, but he was unexpectedly transferred off the Stiles Unit to the McConnell Unit in 2009. Plaintiff complained immediately upon his arrival at the McConnell Unit that he was not safe. He alleges that certain McConnell Unit and State Classification employees denied him a transfer

after he was threatened by inmates at the McConnell Unit.  Plaintiff initially sought a preliminary injunction in the form of a transfer off the McConnell Unit, but these motions were denied after plaintiff was placed into protective custody and transferred to the Telford Unit (D.E. 14, 36).

Plaintiff was housed at the Telford Unit with other protective custody inmates in a separate pod, but he soon learned that general population inmates were housed in other pods in his building, and that general population inmates were frequently able to enter plaintiff's housing area.  On November 15, 2009, plaintiff was pushed and threatened by a general population inmate (D.E. 48, 49).  Thereafter, plaintiff re-filed his requests for a preliminary injunction (D.E. 48, 51, 83, 117) seeking a transfer off the Telford Unit.  In his motion plaintiff provided two sworn affidavits from inmates who observed the threats to plaintiff and observed that a general population inmate was indeed in the housing area reserved for protective custody inmates (D.E. 48).

On March 5, 2010, defendants filed a response to plaintiff's requests for a preliminary injunction (D.E. 123).  In their response, defendants provided a sworn affidavit from an assistant warden at the Telford Unit stating that general population inmates were not allowed to enter the pod where protective custody inmates were housed (D.E. 123, Att. 1), and further stated that because of the November 15, 2009 threat, the Unit Classification Committee had recommended plaintiff for a transfer (D.E. 123, Att. 2).  That recommendation for a transfer was denied by the State Classification Committee, and plaintiff was placed back into the pod with safekeeping inmates (D.E.136).

In a pleading filed March 22, 2010 (D.E. 136) and during a telephone conference call on April 5, 2010, plaintiff stated that another general population inmate had entered his housing area on March 12, 2010, and threatened him. Defendants were ordered to provide a report to the court. According to the report, another investigation was performed, Telford Unit officials did not find any corroborating evidence of the threat, and officials denied plaintiff any relief (D.E. 166).

However, on April 12, 2010, yet another Offender Protection Investigation (OPI) was opened as to plaintiff. Plaintiff reported to Telford Unit officials that he had witnessed a guard allowing a general population inmate enter the protective custody section for a sexual encounter with a protective custody inmate (*Id.*). The information provided by plaintiff was corroborated and action was taken (*Id.*). Plaintiff is currently in transient housing, and has been recommended for a unit transfer (*Id.*). He awaits State Classification approval of the recommended transfer (*Id.*).

**III.    Discussion**.

To obtain a preliminary injunction under Fed. R. Civ. P. 65(a), the applicant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999). Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance. See Valley v.

3

Rapides Parish School Bd., 118 F.3d 1047, 1050 (5th Cir. 1997).  Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered.  United States v. Jefferson County, 720 F.2d 1511, 1519 (5th Cir. 1983).

Plaintiff's motion fails to warrant such an extraordinary remedy.  Assuming he can prevail on the first requirement by showing a likelihood of success on the merits, plaintiff cannot prevail on the second, third and fourth elements. The Telford Unit has placed plaintiff in transient housing pending a transfer.  Plaintiff is currently protected and cannot show irreparable injury.

Furthermore the ordering of injunctive relief at this time will not serve the public interest.  Federal courts are reluctant to interfere in the internal affairs of local jails or state prisons.  See Kahey v. Jones, 836 F.2d 948, 950 (5th Cir. 1988) (federal courts defer to prison administrators concerning day-to-day operations).  The system in place at TDCJ-CID to keep inmates out of harm's way is currently working in plaintiff's favor, and needless interference with it would not serve the public interest.  Should the transfer not be approved, plaintiff can notify the court, and a hearing will be immediately scheduled.

Finally, the issues surrounding whether protective custody inmates at the Telford Unit are in danger because general population inmates can gain access to the protective custody housing area is an issue better addressed by the federal courts in the Eastern District of Texas, Texarkana Division, where the Telford Unit is located.  Defendants allege, and Plaintiff has admitted, that he and other inmates have filed a federal lawsuit in that court on these very issues (D.E. 157, 161).  As long as plaintiff is safely on transient status and

transferred off the Telford Unit, the issues raised by plaintiff can and should be addressed by the court located in the Texarkana Division, not a court in the Corpus Christi Division of the Southern District of Texas.

**IV.**     **RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that plaintiff's applications for a preliminary injunction   (D.E. 48, 51, 83, 117) be denied without prejudice.

Respectfully submitted this 28th day of April, 2010.

_____

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).