IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KENNETH RAY WILLIAMS, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CA C-09-271 |
| | § | |
| RICK THALER, ET AL., | § | |
|     Defendant. | § | |

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE ORDER DENYING PLAINTIFF APPOINTMENT OF COUNSEL AND ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, currently assigned to the Telford Unit in New Boston, Texas. Proceeding *pro se* and *in forma pauperis,* plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants/prison officials at the McConnell Unit in Beeville, Texas, failed to protect him from the risk of harm by another inmate (D.E. 1). On January 12, 2010, an order was entered denying plaintiff's motion for appointment of counsel (D.E. 68). Pending is plaintiff's motion to vacate that order and his second motion for appointment of counsel (D.E. 191).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct.

2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. This case is not complex. According to plaintiff, McConnell Unit officials placed him in danger of being harmed by other inmates.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Id. Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent. During several hearings held by telephone conference call, plaintiff has been articulate and has demonstrated he understands his claim. At this early stage of the case, plaintiff is in a position to adequately investigate and present his case.[1]

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Id. Examination of this factor is premature because the case has not yet been set

---

[1] Plaintiff states in his motion that he needs counsel because he needs access to material which is currently under seal, but he has failed to show that he would have received access to the sealed material if a lawyer were representing him, and more importantly, he has failed to demonstrate that the material under seal is relevant to this case. As mentioned in previous orders and memoranda, plaintiff is seeking access to investigative materials related to housing of protective custody inmates at the Telford Unit, which may be relevant to his lawsuit currently pending in the Eastern District of Texas, but is no longer relevant to this lawsuit because plaintiff is currently in transit housing pending a transfer to another unit.

for trial. Defendants have only recently filed their answer, and dispositive motions are not due to be filed until September 10, 2010 (D.E. 192).

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion to vacate and for appointment of counsel (D.E. 191) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 17th day of May, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE