UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| KENNETH RAY WILLIAMS, § § Plaintiff, § VS. § RICK THALER, *et al*, § § Defendants. § | § § § CIVIL ACTION NO. C-09-271 § § § § |

### MEMORANDUM OPINION AND ORDER DENYING MOTION FOR LEAVE TO ADD STEPHEN ROGERS AS A PARTY

Pending is plaintiff's motion to add Stephen Rogers as a party (D.E. 219). Defendants are opposed, primarily because of plaintiff's delay in filing his motion (D.E. 259). Defendants argue that plaintiff has had access to discovery about Rogers since July, and he waited until September 22, 2010, after defendants filed their motion for summary judgment, to attempt to add Rogers as a party.

Leave to amend should be liberally granted unless the movant has acted in bad faith or with a dilatory motive, if granting the motion would cause prejudice, or if the amendment would be futile. *Jebaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 322 (5th Cir. 2009).

Plaintiff has not explained why he waited so long to seek leave to add Rogers as a party. Plaintiff waited until after defendants filed their motion for summary judgment.

In any event, adding Rogers as a party would be futile. Prison officials have a duty to protect prisoners from violence at the hand of other prisoners. Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)).

In order to prevail against defendant Rogers, plaintiff would have to show that Rogers knew that Williams faced a substantial risk of serious harm and he disregarded that risk by failing to take reasonable measures to abate it. Cantu, 293 F.3d at 844 (citing Farmer, 511 at 847). Even though Rogers denied the transfer recommended by the McConnell Unit officials, that decision was appealed by the officials at the McConnell Unit, and eventually plaintiff was transferred. During the period of time that the decision was on appeal, plaintiff was in transient status and was *never* placed into general population. Plaintiff admitted at his evidentiary hearing on November 4, 2010, that he was safe in transient housing, that the decision to deny him a transfer had been overruled, and he was scheduled for a transfer. Plaintiff cannot demonstrate any constitutional injury as to the actions of Rogers because plaintiff was never forced into general population, and thus never faced any substantial *risk* of any harm.

    Plaintiff's motion to add a party (D.E. 237) is denied in all things.

    ORDERED this 22nd day of October, 2010.

                                                    B. JANICE ELLINGTON
                                                    UNITED STATES MAGISTRATE JUDGE