UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KENNETH RAY WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-09-271 |
| | § | |
| RICK THALER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE PROTECTIVE ORDER

Plaintiff has filed motion to vacate the court's earlier protective order (D.E. 371-3).  His motion includes two additional subparts requesting production of additional documents by defendants (D.E. 371-1, 371-2).

All of plaintiff's claims have been adjudicated except for his claim against defendant Rogers for failure to protect.  After defendant Rogers filed his answer on February 10, 2011, an amended scheduling order was entered permitting plaintiff to conduct additional discovery as to defendant Rogers, and setting a deadline for submission of dispositive motions for April 1, 2011 (D.E. 311).  Defendant Rogers filed his motion for summary judgment on the issue of qualified immunity on March 29, 2011 (D.E. 321).  Plaintiff failed to file any response to the motions or to request additional time to conduct discovery, and a memorandum and recommendation on the summary judgment motion was entered on July 7, 2011 (D.E. 322).  The summary judgment motion and the memorandum and recommendation are under advisement by the District Court.

Plaintiff now complains of an order entered on June 9, 2010, limiting discovery to the issue of qualified immunity (D.E. 204).  Plaintiff did not attempt, while discovery was open as to defendant Rogers, to have this order vacated.  He did not ask for a court hearing as to whether any discovery he was seeking related to qualified Immunity.  Discovery is now closed, and plaintiff's request is untimely.  In any event, the order was and is grounded in Supreme Court authority. *See Harlow v. Fitzgerald*,  457 U.S. 800, 817-18, 102 S.Ct. 2727, 2738 (1981) ("government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known . . . . Until this threshold immunity question is resolved discovery should not be allowed").

Accordingly, plaintiff's motions (D.E. 371-1, 371-2, 371-3) are denied without prejudice.  Plaintiff may seek leave to reopen discovery if his claim against defendant Rogers survives summary judgment.

ORDERED this 12th day of March, 2012.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE